## (December 7, 1962)

In the Matter of the Claim of ERNEST MARTINBIANCO, Respondent, v. SAMUEL BANOWIT et al., Appellants, and G. M. CROCETTI et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. In 1953 while claimant was employed by respondent Crocetti as a tile setter, he suffered a dermatitis related to contact with cement and found to be an occupational disease. In 1956 he was hired as a porter in an office building by appellant Banowit and in 1958 while on this job suffered a flare-up of his dermatitis. The Workmen's Compensation Board found a total disability from July 12, 1958 to April 11, 1960 and made an award in the ratio of 60% against the employer respondent and 40% against the employer appellant. For the period after April 11, 1960 it found a partial disability of 66⅔%; directed the two employers to continue paying compensation in the same ratio as before; but remitted the claim to the Referee to determine what the actual apportionment after that date should be between the employers with appropriate reimbursment to follow any adjustment. Appellants argue that there is no substantial evidence that the work in the Banowit employ contributed to either the total disability before April 11, 1960 or the partial disability thereafter. There is proof, however, that claimant was exposed to cement dust due to cleaning following construction operations in the appellant Banowit's building and to exposure to other substances such as ammonia and detergents which affected his dermatitis and contributed to both the total and subsequent partial disability. There is, however,

no substantial evidence in this record of a partial disability of 66⅔% after April 11, 1960. Therefore, the Referee, who will have the case on remission to consider the apportionment between employers, should also consider the extent of the actual continuing partial disability. Award reversed and claim remitted to the Workmen's Compensation Board, with costs to appellants. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.

